IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GENERAL MOTORS CORPORATION d/b/a CHEVROLET and CADILLAC MOTORS, NISSAN NORTH AMERICA, INC., FORD MOTOR COMPANY d/b/a LINCOLN and MERCURY, VOLVO CARS OF NORTH AMERICA, INC., HYUNDAI MOTOR AMERICA, MERCEDES-BENZ USA, LLC, and FUJI HEAVY INDUSTRIES USA, INC., <br><br> Defendants. | Case No. 2:08-cv-57 <br> Hon. T. John Ward <br><br> JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff, Automotive Technologies International, Inc. ("ATI") brings this action against the Defendants GENERAL MOTORS CORPORATION d/b/a CHEVROLET and CADILLAC MOTORS ("GM"), NISSAN NORTH AMERICA, INC. ("Nissan"), FORD MOTOR COMPANY d/b/a LINCOLN and MERCURY ("Ford"), VOLVO CARS OF NORTH AMERICA, INC. ("Volvo"), HYUNDAI MOTOR AMERICA ("Hyundai"), MERCEDES-BENZ USA, LLC ("Mercedes"), and FUJI HEAVY INDUSTRIES USA, INC. ("FHI"), and for its causes of action alleges:

### The Parties

1. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4644 Mariner Lane, Denver, NC 28037.

2.  Upon information and belief, GM is a corporation organized and existing under the laws of the State of Delaware and is doing business in this judicial district and elsewhere. GM may be served with process by serving its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

3.  Upon information and belief, Nissan is a corporation organized and existing under the laws of the State of California and is doing business in this judicial district and elsewhere. Nissan may be served with process by serving its Texas registered agent, LexisNexis Document Solutions, Inc., 701 Brazos Street, Suite 1050, Austin, TX 78701.

4.  Upon information and belief, Ford is a corporation organized and existing under the laws of the State of Delaware and is doing business in this judicial district and elsewhere. Ford may be served with process by serving its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

5.  Upon information and belief, Volvo is a corporation organized and existing under the laws of the State of Delaware and is doing business in this judicial district and elsewhere. Volvo may be served with process by serving its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

6.  Upon information and belief, Hyundai is a corporation organized and existing under the laws of the State of Delaware and is doing business in this judicial district and elsewhere. Hyundai may be served with process by serving its Texas registered agent, National Registered Agents, Inc., 1614 Sidney Baker Street, Kerrville, TX 78028.

7. Upon information and belief, Mercedes is a limited liability company organized and existing under the laws of the State of Delaware and is doing business in this judicial district and elsewhere. Mercedes may be served with process by serving its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

8. Upon information and belief, FHI is a corporation organized and existing under the laws of the country of Japan and is doing business in this judicial district and elsewhere. FHI may be served with process by serving its Texas registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

## Jurisdiction and Venue

9. This is an action for infringement of United States patents. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 et. seq. and jurisdiction is properly based on Title 35 United States Code, particularly § 271, and title 28 United States Code, particularly § 1338(a).

10. Venue is proper in this district under Title 28 United States Code §§ 1391(b-c) and 1400(b). Upon information and belief, each Defendant has transacted business in this district or has committed and/or induced acts of patent infringement in this district.

**Claims for Patent Infringement:  Count I**

11. On July 17, 2007, United States Patent No. 7,243,945 ("the '945 patent"), which is entitled "Weight Measuring Systems and Methods for Vehicles," was duly and legally issued. A true and correct copy of the '945 patent is attached as **Exhibit A**.

12. Pursuant to 35 U.S.C. § 282, the '945 patent is presumed valid.

13. By assignment, ATI is the sole owner of the '945 patent and has the exclusive right to enforce the '945 patent.

14. GM manufactures, sells, and/or uses occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, embodying the patented invention, and will continue to do so unless enjoined by this Court.  GM has incorporated these systems within many of its automobiles (without limitation, but by way of example, 2003 Chevrolet pickup and 2005 Cadillac Escalade (GM P/N 10367091, DELPHI P/N 28069705)). By manufacturing and selling these products, GM has in the past and continues to infringe, contribute to the infringement of, or induce the infringement of at least claims 1, 2, 3, 4 and 5 of the '945 patent, either literally or under the doctrine of equivalents.

15. Nissan manufactures, sells, and/or uses occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, embodying the patented invention, and will continue to do so unless enjoined by this Court.  Nissan has incorporated this system within certain of its automobiles (without limitation, but by way of example, as follows:  2005 Nissan Maxima (P/N 87300-ZA401)).  By manufacturing and selling these products, Nissan has in the past and continues to infringe, contribute to the infringement of, or induce the infringement of at least claims 1, 2, 3, 4 and 5 of the '945 patent, either literally or under the doctrine of equivalents.

16. Ford manufactures, sells, and/or uses occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, embodying the patented invention, and will continue to do so unless enjoined by this Court. Ford has incorporated this system within certain of its automobiles (without limitation, but by way of example, as follows: 2005 Lincoln Navigator and 2005 Mercury Sable (P/N 603B02)). By manufacturing and selling these products, Ford has in the past and continues to infringe, contribute to the infringement of, or induce the infringement of at least claims 1, 2, 3, 4 and 5 of the '945 patent, either literally or under the doctrine of equivalents.

17. Volvo manufactures, sells, and/or uses occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, embodying the patented invention, and will continue to do so unless enjoined by this Court. Volvo has incorporated this system within certain of its automobiles (without limitation, but by way of example, as follows: 2006 Volvo C70). By manufacturing and selling these products, Volvo has in the past and continues to infringe, contribute to the infringement of, or induce the infringement of at least claims 1, 2, 3, 4 and 5 of the '945 patent, either literally or under the doctrine of equivalents.

18. Hyundai manufactures, sells, and/or uses occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, embodying the patented invention, and will continue to do so unless enjoined by this Court. Hyundai has incorporated this system within certain of its automobiles (without limitation, but by way of example, as follows: 2007 Hyundai Santa Fe). By manufacturing and selling these products, Hyundai has in the past and continues to infringe, contribute to the infringement of, or induce the infringement of at least claims 1, 2, 3, 4 and 5 of the '945 patent, either literally or under the doctrine of equivalents.

19. Mercedes manufactures, sells, and/or uses occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, embodying the patented invention, and will continue to do so unless enjoined by this Court. Mercedes has incorporated this system within certain of its automobiles (without limitation, but by way of example, as follows: 2008 Mercedes C Class (P/N 204-910-59-30-9D88 or DCX P/N 2048202385_0746, DELPHI P/N 28082162). By manufacturing and selling these products, Mercedes has in the past and continues to infringe, contribute to the infringement of, or induce the infringement of at least claims 1, 2, 3, 4 and 5 of the '945 patent, either literally or under the doctrine of equivalents.

20. FHI manufactures, sells, and/or uses occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, embodying the patented invention, and will continue to do so unless enjoined by this Court. FHI has incorporated this system within certain of its automobiles (without limitation, but by way of example, as follows: 2007 Subaru Forester (Subaru P/N 98226SA011, DELPHI P/N 28052650)). By manufacturing and selling these products, FHI has in the past and continues to infringe, contribute to the infringement of, or induce the infringement of at least claims 1, 2, 3, 4 and 5 of the '945 patent, either literally or under the doctrine of equivalents.

21. The infringement of the '945 patent, as alleged in the preceding paragraphs, has injured ATI, and ATI is entitled to recover damages in an amount that adequately compensates it for Defendants' infringement of the '945 patent, which in no event can be less than a reasonable royalty.

### Claims for Patent Infringement: Count II

22. On March 22, 2005, United States Patent No. 6,869,100 ("the '100 patent"), which is entitled "Method and Apparatus for Controlling an Airbag," was duly and legally issued. A true and correct copy of the '100 patent is attached as **Exhibit B**.

23. Pursuant to 35 U.S.C. § 282, the '100 patent is presumed valid.

24. By assignment, ATI is the sole owner of the '100 patent and has the exclusive right to enforce the '100 patent.

25. All Defendants have been and still are infringing the '100 patent in this judicial district and elsewhere, by making, importing, offering for sale, selling, and/or using occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, which embody the patented invention and will continue to do so unless enjoined by this Court.

26. Upon information and belief, each of the Defendants also infringe the '100 patent as a contributory infringer and by active inducement of infringement.

## Claims for Patent Infringement:  Count III

27. On February 1, 2005, United States Patent No. 6,850,824 ("the '824 patent"), which is entitled "Method and Apparatus for Controlling Vehicular Component," was duly and legally issued. A true and correct copy of the '824 patent is attached as **Exhibit C**.

28. Pursuant to 35 U.S.C. § 282, the '824 patent is presumed valid.

29. By assignment, ATI is the sole owner of the '824 patent and has the exclusive right to enforce the '824 patent.

30. All Defendants have been and still are infringing the '824 patent in this judicial district and elsewhere, by making, importing, offering for sale, selling, and/or using occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, which embody the patented invention and will continue to do so unless enjoined by this Court.

31. Upon information and belief, each of the Defendants also infringe the '824 patent as a contributory infringer and by active inducement of infringement.

**Claims for Patent Infringement: Count IV**

32.     On December 21, 2004, United States Patent No. 6,833,516 ("the '516 patent"), which is entitled "Apparatus and Method for Controlling a Vehicular Component," was duly and legally issued.  A true and correct copy of the '516 patent is attached as **Exhibit D**.

33.     Pursuant to 35 U.S.C. § 282, the '516 patent is presumed valid.

34.     By assignment, ATI is the sole owner of the '516 patent and has the exclusive right to enforce the '516 patent.

35.     Defendant GM has been and still is infringing the '516 patent in this judicial district and elsewhere, by making, importing, offering for sale, selling, and/or using occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder and a seat track sensor, which embody the patented invention and will continue to do so unless enjoined by this Court.  Without limitation, but by way of example, GM has incorporated within certain of its automobiles as follows:  2005 Cadillac Escalade.  By manufacturing and selling these products, GM has in the past and continues to infringe, contribute to the infringement of, or induce the infringement of the '516 patent.

.

**Claims for Patent Infringement: Count V**

36.     On November 19, 2002, United States Patent No. 6,484,080 ("the '080 patent"), which is entitled "Method and Apparatus For Controlling A Vehicular Component," was duly and legally issued.  A true and correct copy of the '080 patent is attached as **Exhibit E.**  The '080 patent was recently reexamined and confirmed by the United Sates Patent Office.  See **Exhibit F**, Reexamination Certificate.

37.     Pursuant to 35 U.S.C. § 282, the '080 patent is presumed valid.

38. By assignment, ATI is the sole owner of the '080 patent and has the exclusive right to enforce the '080 patent.

39. All Defendants have been and still are infringing the '080 patent in this judicial district and elsewhere, by making, importing, offering for sale, selling, and/or using occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, which embody the patented invention and will continue to do so unless enjoined by this Court.

40. Upon information and belief, each of the Defendants also infringe the '080 patent as a contributory infringer and by active inducement of infringement.

### Claims for Patent Infringement: Count VI

41. On August 5, 2008, United States Patent No. 7,407,029 B2 ("the '029 patent"), which is entitled "Weight Measuring Systems and Methods For Vehicles," was duly and legally issued. A true and correct copy of the '029 patent is attached as **Exhibit G.**

42. Pursuant to 35 U.S.C. § 282, the '029 patent is presumed valid.

43. By assignment, ATI is the sole owner of the '029 patent and has the exclusive right to enforce the '029 patent.

44. All Defendants have been and still are infringing the '029 patent in this judicial district and elsewhere, by making, importing, offering for sale, selling, and/or using occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, which embody the patented invention and will continue to do so unless enjoined by this Court.

45. Upon information and belief, each of the Defendants also infringe the '029 patent as a contributory infringer and by active inducement of infringement.

**Claims for Patent Infringement: Count VII**

46. On June 29, 2004, United States Patent No. 6,757,602 ("the '602 patent"), which is entitled "System For Determining The Occupancy State Of A Seat In A Vehicle And Controlling A Component Based Thereon," was duly and legally issued. A true and correct copy of the '602 patent is attached as **Exhibit H.** The '602 Patent was recently reexamined and the United States Patent Office has issued a Final Office Action confirming the patentability without amendment of 31 claims.

47. Pursuant to 35 U.S.C. § 282, the '602 patent is presumed valid.

48. By assignment, ATI is the sole owner of the '602 patent and has the exclusive right to enforce the '602 patent.

49. All Defendants have been and still are infringing the '602 patent in this judicial district and elsewhere, by making, importing, offering for sale, selling, and/or using occupant and/or child seat and/or rear-facing child seat detection and/or position systems which incorporate a bladder, which embody the patented invention and will continue to do so unless enjoined by this Court.

50. Upon information and belief, each of the Defendants also infringe the '602 patent as a contributory infringer and by active inducement of infringement.

## DEMAND FOR JURY TRIAL

ATI demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, ATI prays for entry of judgment:

A.     That each Defendant has directly infringed, has actively induced others to infringe and/or has contributed in the infringement of the '945 patent;

B.     That each Defendant has directly infringed, has actively induced others to infringe and/or has contributed in the infringement of the '100 patent;

C.     That each Defendant has directly infringed, has actively induced others to infringe and/or has contributed in the infringement of the '824 patent;

D.     That Defendant GM has directly infringed, has actively induced others to infringe and/or has contributed in the infringement of the '516 patent;

E.     That each Defendant has directly infringed, has actively induced others to infringe and/or has contributed in the infringement of the '080 patent;

F.     That each Defendant has directly infringed, has actively induced others to infringe and/or has contributed in the infringement of the '029 patent;

G.     That each Defendant has directly infringed, has actively induced others to infringe and/or has contributed in the infringement of the '602 patent;

H.     That Defendants account for and pay to ATI all damages caused by the infringement of the patents-in-suit, which by statute can be no less than a reasonable royalty;

I.     That Defendants, their officers, agents, servants, employees and attorneys, and other persons in active concert or participation with either of them be preliminarily and then permanently enjoined from further infringement of the patents-in-suit;

J.      That Defendants be ordered to deliver to Plaintiff for destruction all infringing products and systems in their possession;

K.      That this case be declared an exceptional case under 35 U.S.C. §285 as to each Defendant and that Plaintiff be awarded its attorney fees incurred in this action;

L.      For an award of Plaintiff's costs of this action, interest on the award and other charges to the maximum extent permitted; and

M.      For such other future relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

s/Lisa R. Mikalonis (P39485)
Andrew Kochanowski (P55117)
Attorneys for Plaintiff
2000 Town Center Drive, Suite 900
Southfield, MI  48075-1100
lmikalonis@sommerspc.com
akochanowski@sommerspc.com

Dated:  October 27, 2008

**PROOF OF SERVICE**

I certify that on 10-27-08, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Diane DeVasto - dianedevasto@potterminton.com
Eric Hugh Findlay - efindlay@rameyflock.com
Edward W. Goldstein - egoldstein@gfpiplaw.com
K. Patrick Herman - pherman@kenyon.com
John R. Hutchins - jhutchins@kenyon.com
Michael Edwin Jones - mikejones@potterminton.com
Jin-Suk Park - jspark@akingump.com
Jeffrey Scott Patterson - jpatterson@hdbdk.com
Ronald L. Sigworth - rsigworth@kenyon.com
Michael J. Songer - msonger@crowell.com
Paul Richard Steadman - psteadman@kirkland.com
Melvin R. Wilcox, III - mrw@yw-lawfirm.com
Herbert A. Yarbrough, III - trey@yw-lawfirm.com
Steven M Zager - szager@akingump.com

    s/Lisa R. Mikalonis (P39485)
    Sommers Schwartz, P.C.
    Attorneys for Plaintiff
    2000 Town Center Drive, Suite 900
    Southfield, MI 48075
    (248) 355-0300